Chief Justice Suttell, concurring.
I am pleased to join the majority opinion in all respects save one. I write separately merely to express my belief that the trial justice's failure to grant defendant a mistrial based upon the prosecutor's comments in closing argument insinuating that the defense had called Mrs. Mouchon "a slut" and "a whore" throughout the trial was an abuse of discretion.
These statements are not only inflammatory, they are false. The record is devoid of any reference by the defense to the victim as being a "slut" or a "whore." In my judgment, these remarks could not help but "arouse the sympathy and passion of the jurors." State v. Mead , 544 A.2d 1146, 1150 (R.I. 1988). Nor do I believe that a curative instruction could expiate the prejudice inherent in such fallacious and incendiary comments. To be sure, the defense strategy was to suggest that this 85-year-old woman was involved in a consensual sexual relationship with a man over fifty years younger. As difficult to believe as that theory may seem-the jury clearly rejected it-the theory is a far cry from characterizing the victim as a "slut" and a "whore."
I appreciate the majority's indignation concerning the prosecutor's inappropriate remarks. I would, however, go one step further and declare that they were so outrageous as to require a new trial. In doing so, I am reminded of the United States Supreme Court's admonition that prosecutors have a "unique responsibility" in our system-"his [or her] duty is to seek justice, not merely to convict." Young v. United States ex rel. Vuitton et Fils S.A. , 481 U.S. 787, 803, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987) (quoting American Bar Association Model Code of Professional Responsibility EC 7-13 (1982) ). "He may prosecute with earnestness and vigor-indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones." Berger v. United States , 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).